# CHARLESTON.

SWAYNE *v.* RIDDLE *et al.*

Submitted June 13, 1892.—Decided December 10, 1893.

1. USURY—PURCHASE-MONEY.

To constitute usury there must be a borrowing and lending with intent to exact more interest than is allowed by law, or a forbearance in consideration of such interest being paid. But if what is called interest, or what is aimed at on the basis of a certain rate of interest, is in fact a part of the purchase-money or price of a tract

of land sold, and not a mere cover for a loan or for the forbearance of money, it is not usurious, but is as really a part of the purchase-price for the land as is the principal sum.

2. A case in which this doctrine is applied.

*W.* H. TRAVERSE and CLEON MOORE for appellant.

GEORGE BAYLOR for appellee.

HOLT, JUDGE:

This is a suit in equity, brought in the Circuit Court of Jefferson county on the———day of ———by Francis B. Swayne, executor of Noah H. Swayne, deceased, against Horatio R. Riddle and others, for the appointment of a new trustee in a certain deed of trust, for an account to ascertain the liens on the real estate mentioned in said trust deed, with their priorities and amounts, and for a sale of the property in satisfaction thereof, which on December 4, 1890, resulted in a decree for sale, *etc.*, from which decree defendant H. R. Riddle has obtained this appeal.

From the pleadings and evidence the following facts appear: On August 1, 1865, the late Justice Noah H. Swayne and wife sold and conveyed to Solomon V. Yantis two certain lots of land, with the improvements thereon, situate in the town of Harper's Ferry, Jefferson county, W. Va., for the sum of six thousand dollars, recited as paid. Four thousand dollars were in fact paid, and a bond of August 1, 1865, was given for the residue, which is here given:

"This indenture, made this the 1st day of August in the year of our Lord one thousand eight hundred and sixty five, by and between Solomon V. Yantis, of the county of Jefferson, in the State of west Virginia, of the first part, Isaac Fouke, of the county and State aforesaid, of the second part, and Noah H. Swayne, of the county of Franklin and State of Ohio, of the third part witnesseth: That the said Solomon V. Yantis, in order to secure and provide for the payment of the moneys specified in a certain written obligation executed by the said Solomon V. Yantis to the said Noah H. Swayne, bearing even date herewith, and of which the following is a copy, to wit: 'I promise to pay

Noah H. Swayne, or order, at the end of each succeeding six months from and after the date hereof until the 1st day of August, 1869, inclusive, the sum of eighty dollars, and on the said 1st day of August, 1869, the further sum of two thousand dollars; said moneys being the deferred and last payments for certain real estate conveyed to me by the said Noah H. Swayne and Sarah Ann Swayne, his wife, by deed bearing even date herewith. This obligation is secured by a deed of trust duly stamped. Witness my hand and seal this 1st day of August, 1865. [Signed] SOLOMON V. YANTIS. [Seal.]'" On the same day and date Yantis, the purchaser, conveyed the real estate to Isaac Fouke in trust, to secure to Justice Swayne the payment of the amounts set forth therein. The bill alleges that of the amounts thus secured to be paid all had been paid of the sum of two thousand dollars therein mentioned except the sum of one thousand five hundred dollars, which remained unpaid, with interest from July 1, 1885. On the 25th day of March, 1880, S. V. Yantis and wife, by deed of that date, sold and conveyed this real estate to Horatio R. Riddle. Riddle and wife, by deed of same date, conveyed the property to W. H. Travers, trustee, to secure the payment of a bill of exchange dated January 4, 1880, drawn by Child, McCreight & Co. in favor of G. W. Ward for the sum of three thousand five hundred dollars, accepted by H. R. Riddle, payable in four months after date. On March 25, 1878, Riddle confessed before the clerk of the County Court of Jefferson county a judgment for ten thousand and ninety nine dollars and sixty eight cents in favor of Andrew E. Kennedy, trustee for Sarah H. Riddle. This judgment was duly entered on the judgment lien docket. These are all the liens and incumbrances on this real estate that in any wise appear by this record. Justice Swayne was a citizen and resident of the State of Ohio at the time of the execution to him of the obligation above mentioned and of the deed of trust to Isaac Fouke, and up to the date of his death, and the plaintiff Francis B. Swayne qualified as executor of his will in the county clerk's office of Jefferson county on December 15, 1887. Isaac Fouke, the trustee, is also dead. W. H. Travers, as trustee, and H. R. Riddle in

their separate answers say that the obligation secured by the trust deed of Yantis to Fouke, trustee, dated August 1, 1865, was a contrivance to secure the payment of usurious interest thereon, in so far as it required the payment of the sum of eighty dollars every succeeding six months from its date until the 1st day of August, 1869; that the sum of forty dollars per annum in excess of legal interest was thus paid upon the principal sum of two thousand dollars until the 1st of July, 1867, and that thereafter, notwithstanding the payment of the sum of five hundred dollars on that day on the principal sum aforesaid, there has been collected annually until July 1, 1885, the sum of one hundred and twenty dollars per annum as interest, to the amount of thirty dollars per annum in excess of legal interest on the principal sum of one thousand five hundred dollars after the payment of five hundred dollars; and they claim these payments of usurious interest should be credited upon the principal sum from the time of such payments, respectively. The cause was, on December 1, 1888, sent to Commissioner Brown, to ascertain and report all liens on said real estate, with their respective amounts and priorities. On this head the commissioner returns three alternate statements. No. 1 shows amount due upon the theory that the contract is an Ohio contract, and that the rate of interest contracted for was eight *per cent.*, and a legal rate by the laws of that State, and, with interest to February 12, 1889, amounts to one thousand nine hundred and thirty three dollars and ninety six cents. No. 2, on the theory that the interest is usurious, and crediting the excess paid, shows balance to same date to be five hundred and fifty six dollars and ninety five cents. No. 3, on the theory that the eighty dollars to be paid semiannually from August 1, 1865, to August 1, 1869, is principal, and not interest, and that from August 1, 1869, when the principal became due, interest is to be charged at the rate of six per cent., shows a total of one thousand one hundred and twenty seven dollars and seventy two cents.

On December 4, 1890, the cause came on again to be heard on the papers formerly read and the report of Commissioner Brown and evidence sent up therewith, where-

upon the court held and decreed that the contract was an Ohio contract; that plaintiff was entitled to collect eight *per cent.* interest up to July 1, 1885, the date to which interest had been paid; and that none of the defendants were entitled to any part of such interest so paid as a credit on the principal, but that from July 1, 1885, interest should be computed at the rate of six *per cent.,* finding the amount to be, on February 12, 1889, one thousand eight hundred and twenty five dollars and fifty cents.

The appellee contends that a case of usury is not made out according to the law of this State. The burden of proof is on the appellant, who alleges it, and he must make it beyond any ground for fair questioning. See *Brockenbrough* v. *Spindle,* 17 Gratt. 21. "To constitute usury there must be a borrowing and lending, with an intent to exact more interest than is allowed by law, or a forbearance in consideration of such interest being paid." *Price* v. *Campbell,* 2 Call, 110. And if what is called "interest," or what is arrived at on the basis of a certain rate of interest, is really a part of the purchase-money or price of the land sold, and not a mere cover for a loan for the forbearance of money, it is not usurious, but is as much a part of the purchase price of the land as the principal sum. See *Reger* v. *O'Neal,* 33 W. Va. 159–166 (10 S. E. Rep. 375). In this case there is no proof of usury, except what the bond and deed of trust themselves show; both signed, sealed and delivered by the debtor. In the bond executed by S. V. Yantis he calls these semi-annual sums of eighty dollars and the two thousand dollars "the deferred and last payments for certain real estate conveyed to me by the said Noah H. Swayne, and Sarah Ann Swayne, his wife, by deed bearing even date herewith;" and this bond is set out in full in the deed of trust executed by Yantis. Thus, S. V. Yantis, who made the contract, and had the right to say, has under his hand and seal expressly said that this eight *per cent.* is a part of the purchase price of the land. Eight *per cent.* was, if expressly contracted for, lawful under the law of Justice Swayne's domicile. Exhibit 1 of appellant's evidence shows that the creditor in 1871 was borrowing money at that rate; therefore it was quite natural and reasonable that he should

make the increased rate of interest part of the purchase price, as these papers show was intended to be done, and this view would make the commisioner's statement No. 3 the correct one, viz., one thousand one hundred and twenty seven dollars and seventy two cents.

Exception was taken to the competency of defendants S. V. Yantis and H. R. Riddle as witnesses. So far as the testimony of these two witnesses related to personal transactions and communications had between them and Justice Swayne, then deceased, it was incompetent as against Justice Swayne's executor or the plaintiff below, who was not examined on his own behalf. See Code (Ed. 1891) c. 130, p. 826, s. 23. And this makes it necessary to send this cause again to the commissioner. Their evidence however, does not affect the question whether the two *per cent.* excess of interest, stipulated for directly, and as a contrivance, according to appellants' claim, was in fact a part of the purchase-money or not. There is nothing in the record to justify the inference that it was a contrivance to secure the payment of usurious interest. The two thousand dollars was not money loaned, nor a pre-existing debt of any kind, but what would have been a part of the purchase-money if paid in hand; but, because it was not paid down, the amount of the consideration was increased by that amount, so as to make it equivalent to eight *per cent.*, payable semi-annually until 1869, when the two thousand dollars would fall due; and in the bond itself these sums of eighty dollars each are called the purchase-money for the land sold and conveyed, and are by the obligor recognized in the obligation as installments of the purchase-money. It is neither a present loan, nor is it a forbearance in respect to some debt previously existing, but is a part of the contract price for land sold and conveyed. See *Hogg* v. *Ruffner*, 1 Black, 115; *Crawford* v. *Johnson*, 11 Ind. 258. This doctrine is reasonable, and seems to be well settled by the authorities, and the party who sets up the usury has failed to prove it (*Harnsbarger* v. *Kinney*, 6 Gratt. 287;) but by the record the contrary is made to appear.

Taking this as the correct view of the case, the other points discussed and assigned as error do not and can not

arise upon this record, and therefore need not be considered and decided. The decree of the 4th day of December, 1890, must therefore be modified, and made to conform to the views herein expressed; and, without consent of parties, this can now only be done safely by again sending the cause to a commissioner.

REVERSED. REMANDED.