INVESTORS LOAN CORPORATION, *a corporation*

*v.*

PAUL W. LONG AND PATTY A. LONG

(No. 12763)

Submitted January 21, 1969.     Decided March 4, 1969.

*L. Arthur Barbe,* for appellants.

*David L. Solomon,* for appellee.

HAYMOND, PRESIDENT:

On this appeal the defendants, Paul W. Long and Patty A. Long, husband and wife, seek reversal of judgments rendered by the Circuit Court of Monongalia County against them and in favor of the plaintiff, Investors Loan Corporation, a corporation.

In this civil action the plaintiff seeks to recover an indebtedness represented by a note for a loan of $800.00 and interest of $324.96 or the aggregate sum of $1,124.96. The principal amount of the loan at the time of the trial on December 1, 1967, according to the complaint of the plaintiff, was $751.22.

The defendant Patty A. Long did not file any answer to the complaint but the defendant Paul W. Long filed an answer in which he interposed the defense of his discharge

in bankruptcy. His answer contained no denial of the indebtedness set forth in the complaint but alleged that the indebtedness against him consisted of a debt dischargeable in bankruptcy which existed on or before July 15, 1966; that on that day he filed his petition in bankruptcy in the United States District Court for the Northern District of West Virginia; and that in the bankruptcy proceeding on November 12, 1966 he was granted a final discharge from all his debts and, as an exhibit, he filed a certified copy of his discharge in bankruptcy.

The circuit court denied a motion of the plaintiff for summary judgment; the defendant Paul W. Long demanded a trial by jury of the action; and on December 1, 1967 the case was tried upon the complaint of the plaintiff and the answer of the defendant Paul W. Long and the testimony of witnesses in behalf of the respective parties. The jury answered in the negative an interrogatory which asked whether Paul W. Long had by a preponderance of the evidence proved that the plaintiff had notice or actual knowledge of his bankruptcy in sufficient time to file a proof of claim and answered an interrogatory which asked what amount of money, if any, was unpaid on the note sued upon in the action, by the statement that the amount was $1.00 and returned a verdict in favor of the plaintiff for the sum of $1.00, on which the court entered judgment for that amount against both defendants.

Upon the trial the witness Yokum, the local manager and agent of the plaintiff, testified that the amount of the principal and interest of the note unpaid and owing by the defendants, including principal and interest, was $1,085.30, although on cross-examination the witness admitted that, according to the calculation of the attorney for the defendants, there was a discrepancy of $4.71 or $9.71 between the amount of interest as claimed by the plaintiff and the amount of interest as calculated by the attorney for the defendants who asserted that the plaintiff had overcharged them by either of those amounts of interest. At that point in the cross-examination the attorney for the defendants made a motion to dismiss the action against the defendants

on the ground that under the provisions of Section 13, Article 7A, Chapter 47, Code, 1931, as amended, "If any interest, consideration or charges, in excess of those permitted by this article, are charged, contracted for, or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever.", which motion the court overruled. The defendants, however, offered no testimony concerning the amount of the principal of or the interest on the note and neither of them challenged or denied by answer or by testimony the amount of the principal of the note, or the amount of the interest, or the total unpaid amount of principal and interest which, according to the uncontradicted testimony in behalf of the plaintiff, was $1,085.30.

The defendant Patty A. Long testified that on June 11, 1966, Negy, an agent of the plaintiff, came to her home to talk about the loan and that her husband, the defendant Paul W. Long, then told Negy that he had seen a lawyer and that papers to be filed in bankruptcy were being prepared and that her husband, by telephone in August of that year, told Negy he had filed bankruptcy proceedings. The defendant Paul W. Long also testified that he called Negy by telephone and told him that he was filing a bankruptcy proceeding and that Negy knew in August 1966 that he was "in bankruptcy." He also testified that he was adjudicated a bankrupt on July 15, 1966; that his total liabilities listed in the bankruptcy proceeding amounted to $1,444.64; and that through an oversight he had failed to list the plaintiff's claim in the bankruptcy proceeding.

The testimony of Edna Fletcher, the head cashier of the plaintiff, and of Paul Negy, in behalf of the plaintiff, was that the plaintiff had never received any notice or knowledge that Paul W. Long had been adjudicated a bankrupt before his discharge on November 12, 1966, and in his testimony Negy denied that he had ever had any conversation with the Longs or had ever visited their home or had ever seen them before he saw them at the trial.

Upon the foregoing testimony on the question of notice or knowledge by the plaintiff of the bankruptcy of the defendant Paul W. Long in time to list its claim in the bankruptcy proceeding before the discharge of the defendant Paul W. Long on November 12, 1966, the jury, by answering the special interrogatory in the negative, found that the plaintiff did not have any such knowledge and rendered its verdict in favor of the plaintiff against the defendants for $1.00.

On December 4, 1967, upon an affidavit of Albert Yokum, manager and agent of the plaintiff, to the effect that the defendant Patty A. Long, though duly served with process in the action, had failed to answer or otherwise defend against the complaint of the plaintiff, the circuit court by order of that date rendered a default judgment against her for $1,085.30 with interest and costs. The court, however, did not set aside or vacate the judgment of $1.00 rendered against the defendant Patty A. Long upon the verdict of the jury for $1.00 on December 1, 1967, and that judgment has never been vacated or set aside by the circuit court.

Upon notice given and served upon the attorney for the defendants within ten days from the entry of the judgment of $1.00 against the defendants on December 1, 1967, the plaintiff filed its motion in writing, returnable December 21, 1967, and moved the circuit court to correct the amount of the judgment of December 1, 1967 and to enter a judgment in favor of the plaintiff for the correct amount, as shown by the evidence, of $1,085.30, or, in the alternative, to grant the plaintiff a new trial of the action. This motion the circuit court sustained and on February 7, 1968, over the objection of the defendants, amended the judgment rendered December 1, 1967 against the defendant Paul W. Long and rendered judgment against him in favor of the plaintiff in the amount of $1,085.30 with interest and costs.

On February 13, 1968, the defendants moved the circuit court to set aside the judgments against each of the defendants and to enter judgment against the plaintiff in favor of the defendants for $373.74, the amount that had been paid by the defendants to the plaintiff on the loan repre-

sented by the note and sued upon in this proceeding on the ground that the plaintiff had charged interest in excess of the lawful rate of interest. By its judgment rendered February 19, 1968, the circuit court overruled the motion of the defendants and from that judgment this appeal was granted upon the application of the defendants.

The defendants seek reversal of the foregoing judgment upon these main grounds: (1) The note in suit shows on its face that the plaintiff charged usurious interest in an amount in excess of that allowed by law and that because of the charge of excessive interest the plaintiff is barred by the statute from the recovery of any principal or interest upon such note in this action and that the defendants are entitled to recover the payments which they have made on the note in the sum of $395.08; (2) the evidence in behalf of the plaintiff to establish the indebtedness owing by the defendants upon the note, which consisted of the testimony of Al Yokum, was too vague and indefinite to support a judgment in favor of the plaintiff; (3) the court instructed the jury to return a special verdict upon the special interrogatories and not to return a general verdict in the case; (4) the court rendered a default judgment against the defendant Patty A. Long without the required notice to her inasmuch as she had appeared and defended against the claim of the plaintiff; and (5) the court amended the judgment for $1.00 against the defendant Paul W. Long rendered upon the verdict of the jury on December 1, 1967 and in lieu of that judgment rendered a new judgment against the defendant Paul W. Long in the sum of $1,085.30.

The first two contentions of the defendants are devoid of merit.

The note does not disclose on its face that the plaintiff charged excessive or usurious interest in connection with the loan. The defendants did not set up the defense of usury in the answer of the defendant Paul W. Long or in any affirmative pleading as they might have done under Rule 8(c) of the Rules of Civil Procedure which provides that in pleading to a preceding pleading a party shall set forth affirmatively certain specified defenses, one of which

is illegality, which covers and relates to usury. Moreover, though the attorney for the defendants cross-examined the plaintiff's witness Yokum concerning the amount of the interest and tried unsuccessfully to require him to admit that there had been an overcharge of $4.71 or $9.71 above the legal rate of interest, the defendants offered no evidence whatsoever in support of any defense of usury. This Court has held under the procedure before the adoption of the Rules of Civil Procedure that the defense of usury is an affirmative defense which should be pleaded and that unless pleaded, that defense is waived. *Washington National Building and Loan Association* v. *Westfall*, 55 W. Va. 305, 47 S. E. 74; *Snyder* v. *The Middle States Loan, Building and Construction Company*, 52 W. Va. 655, 44 S. E. 250. This Court has also said that he who pleads usury must prove it by clear and satisfactory proof. *Swayne* v. *Riddle*, 37 W. Va. 291, 16 S. E. 512; *Vangilder* v. *Hoffman*, 22 W. Va. 1. Usury is an affirmative defense and under Rule 8 (c) of the Rules of Civil Procedure must be set forth affirmatively.

The testimony of the witness Al Yokum, in behalf of the plaintiff, was not vague or uncertain. On the contrary it was sufficient to establish the claim of the plaintiff. He testified positively that the amount of the principal and interest due and payable upon the loan represented by the note as of the date of the trial was $1,085.30; and this evidence is undisputed and no evidence to the contrary was offered by or in behalf of the defendants.

The judgment entered by the circuit court upon the verdict of the jury based on the answers to the special interrogatories was erroneous in that it was contrary to the evidence as to the amount due upon the loan which was shown to be $1,085.30, and the amount of the verdict and the judgment of $1.00 against both defendants is not supported by any evidence, is inadequate and indicates partiality on the part of the jury in favor of the defendants and against the plaintiff. A verdict of a jury which is without sufficient evidence to support it will, upon proper motion, be set aside by the court. *Hollen* v. *Linger*, 151 W. Va. 255, 151 S. E. 2d 330, and the many cases cited in the

opinion in that case. The judgment upon such verdict was vulnerable to a motion to reverse and it was set aside as to the defendant Paul W. Long and a judgment against him for $1,085.30 was subsequently rendered by the circuit court. No motion to reverse or set aside the judgment for $1.00 against the defendant Patty A. Long, however, was made by her and though the default judgment in the amount of $1,085.30 was rendered against her by the circuit court, the judgment for $1.00 against her has never been reversed or set aside.

The default judgment rendered by the circuit court against the defendant Patty A. Long on December 4, 1967, upon motion of the plaintiff, supported by the affidavit of Yokum, manager and agent of the plaintiff, to the effect that the defendant Patty A. Long, though duly served with process and not being an infant, or an incompetent person, or an incarcerated convict, or a person in the military service, had failed to answer or otherwise defend against the complaint of the plaintiff for more than twenty days from the service of process, under Rule 55 (b) (2) of the Rules of Civil Procedure, was erroneous for the reason that it is clear that though the defendant Patty A. Long filed no pleading or answer to the complaint she did appear in person and by attorney and undertook and assisted in the attempt to establish the defense of bankruptcy in behalf of the defendant Paul W. Long. In that situation Rule 55 (b) (2) of the Rules of Civil Procedure requires that a notice of application for a default judgment be served upon the party against whom such judgment by default is sought at least three days prior to the hearing on such application; but no such notice was ever given or served at the instance of the plaintiff upon the defendant Patty A. Long.

For the reason that the foregoing notice requirement of Rule 55 (b) (2) was not complied with by the plaintiff, the judgment entered by the circuit court against the defendant Patty A. Long must be reversed and set aside. See *Chandos, Incorporated* v. *Samson*, 150 W. Va. 428, 146 S. E. 2d 837.

See also *Bennett* v. *General Accident Fire and Life Assurance Corporation,* 149 W. Va. 92, 138 S. E. 2d 719. In that case this Court held that after proper notice as required by Rule 55(b) (2) had been given and served upon the party against whom judgment by default was sought, a valid judgment by default could be entered against such party who had previously filed an answer in the proceeding but who did not appear in person or by counsel on the day the proceeding was set for trial, but indicated clearly that the required notice must be given and served if the party against whom judgment by default is sought has appeared in the action, as the defendant Patty A. Long did in this proceeding. A motion for judgment by default against the party who has failed to plead to the complaint of the plaintiff but who has appeared in the action but has not been served with written notice of the application for such judgment at least three days prior to the hearing as provided by Rule 55(b) (2) of the Rules of Civil Procedure should not be granted or such judgment entered by the court in the absence of service of such notice; and a judgment by default so entered by the court is erroneous and will be set aside upon appeal.

It was reversible error for the circuit court, after setting aside the judgment of $1.00 against the defendant Paul W. Long, upon the motion of the plaintiff duly served as required by Rule 59(b) of the Rules of Civil Precedure, to enter a new judgment against him for $1,085.30.

Rule 59(a) provides that "A *new trial* may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a *trial by jury,* for any of the reasons for which new trials have heretofore been granted in actions at law; and (2) in an action *tried without a jury,* for any of the reasons for which rehearings have heretofore been granted in suits in equity. On a motion for a *new trial* in an action *tried without a jury,* the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." (Emphasis supplied.)

The provisions of the foregoing rule, which are clear and unambiguous, authorize the court to grant a new trial upon motion in an action in which there has been a trial by jury, but they do not authorize the court in an action so tried, as in this case, to direct the entry of a new judgment. That may be done only in an action which has been tried without a jury. A motion to alter or amend the judgment, under Rule 59 (e), may be granted by the court in an action tried without a jury but not in an action in which there has been a trial by jury. Under Rule 59 (a) the circuit court had the authority to set aside the judgment for $1.00 and to grant a new trial but it did not have the authority to direct the entry of a new judgment for $1,085.30, and the entry of such judgment constituted reversible error. In *Davis* v. *Naviera Aznar S. A.,* D. C. Md., 37 F.R.D. 223, it was held that on a motion under Rule 59 (e) of the Federal Rules of Civil Procedure which is substantially the same as Rule 59 (e) of the Rules of Civil Procedure, the court can not amend the judgment by adding to the damages awarded by the jury as to do so would constitute a denial of the right to trial by jury. But see *Mumma* v. *Reading Company,* D. C., E. D. Pa., 247 F. Supp. 252, in which the court appears to have reached a different conclusion.

Under the provisions of Rule 59 (a) of the Rules of Civil Procedure the court, upon a motion for a new trial in an action in which there has been a trial by jury, may grant a new trial, and in an action tried without a jury, may open the judgment and direct the entry of a new judgment; but the court upon such motion or upon a motion to alter or amend a judgment under Rule 59 (e) may not enter a new judgment in an action in which there has been a trial by jury; and a new judgment entered by the court in an action in which there has been a trial by jury is erroneous and will be set aside upon appeal.

For the reasons indicated, the judgment for $1.00 and the judgment for $1,085.30 against the defendant Patty A. Long and the judgment for $1,085.30 against the defendant Paul W. Long, rendered by the circuit court, are and each

of them is reversed and set aside and this case is remanded to that court for a new trial which is here awarded the defendants.

*Judgments reversed;
new trial awarded;
remanded with directions.*