VICTORIA PAPARODIS NELLAS, *et al., etc.*

*v.*

GEORGE E. LOUCAS, *Deceased,*
*and*
EMMANUEL B. LOUCAS, *as Exec., etc.*

(No. 13044)

Submitted May 2, 1972.     Decided September 6, 1972.

*McCamic & McCamic, Jeremy C. McCamic,* for appellants.

*Goodwin, Mead & Goodwin, Thomas A. Goodwin,* for appellee.

HADEN, JUDGE:

This is an appeal from a final order of the Circuit Court of Hancock County, West Virginia, setting aside a jury verdict and judgment for the plaintiffs below, (hereinafter called the Paparodis heirs). That final order entered May 20, 1970, permitted the appellee, George E. Loucas, (hereinafter called the "lawyer" or "defendant"), to amend his answer pursuant to Rule 15(b) of the West Virginia Rules of Civil Procedure, (hereinafter cited as W.Va. R.C.P.), and affirmatively plead the statute of limitations as a complete bar to the action. In the same order, judgment was entered for the lawyer and costs awarded in his favor. During the pendency of this appeal the defendant, George E. Loucas, died and this action has been revived in the name of his executor, Emmanuel B. Loucas.

The case arose when the Paparodis heirs, Ohio residents, sued the lawyer, a West Virginia resident and one of the attorneys handling their deceased father's estate, for either a breach of an employment contract or the tort of malpractice arising from a failure of the lawyer to

file a timely federal estate tax return resulting in loss to the estate in form of penalties assessed in addition to tax due. The language of the complaint is vague and less than specific as to whether it sounds in tort or contract.

The Paparodis heirs' decedent died December 13, 1956. The estate's federal tax return was due to be filed on March 13, 1958. It was not filed until sometime subsequent to October 1, 1958. This resulted in a penalty of $5,484.83 being assessed against the estate. About five years later on February 14, 1963, the Paparodis heirs instituted this civil action against the lawyer to recover damages based on allegations that he had agreed to perform for compensation, legal services necessary for the prompt, proper, efficient and judicious handling of the administration of the estate then being undertaken by the Ohio attorney Mauro, as local counsel, and that the defendant breached the agreement in that he failed, omitted and neglected to perform it according to its terms. The lawyer's answer and counterclaim denied a breach of any agreement, denied that he failed, omitted and neglected to perform any of his duties in connection with the estate and asserted a counterclaim for $3,000.00 for services performed. The answer did not raise the defense of statute of limitations.

No significant development occurred in the case until December 30, 1968 when a pretrial order defining issues, stated the Paparodis heirs' contention that the lawyer, as an attorney representing the estate, had failed to file a timely federal estate tax return which resulted in penalties being assessed against the estate, all of which actions the plaintiffs contended were negligence on the part of the lawyer. The defendant lawyer contended he was only assisting Ohio counsel who had complete charge of the estate administration and any failure to file the return was the obligation of the Ohio counsel and not of the defendant who, consequently, denied liability.

Nine months later, on September 29 and 30, 1969, the case was tried. During the trial the issue of the statute of

limitations was suggested by Loucas' counsel for the first time at the close of plaintiff's evidence, whereupon counsel for the Paparodis heirs retorted that inasmuch as this issue was not raised by answer, motion to dismiss, or at two pretrial conferences, and was not jurisdictional in nature, it was waived. No action was taken by the trial court.

The record is then silent as to the issue of statute of limitations until the close of defendant's evidence, when the lawyer's counsel sought leave of the court to interpose a plea of statute of limitations by amending and supplementing his answer. The trial court stated that he was of the opinion that the evidence presented sounded in tort, not in contract and that under the Ohio statute of limitations, the action was barred at the time it was filed but, that his ruling, saving exceptions, was to be reserved in view of the jurys' presence, until counsel had time to adequately brief the question of the statute of limitations, which the court took to be one of law. Subsequently counsel for defendant raised the defense of the statute of limitations by formal motion for directed verdict and the trial court overruled the motion and took the plea of the statute of limitations under advisement. Judgment in the amount of $5,484.83 was entered on the jury verdict September 30, 1969.

Pursuant to a motion to set aside the jury verdict and enter judgment in favor of the defendant filed October 6, 1969, the trial court entered the order which is the subject of this appeal.

After a successful verdict and judgment for plaintiffs, did the trial court abuse its discretion and thereby commit error: (1) in permitting amendment of defendant's pleading to assert the defense of the statute of limitations, and (2) disposing of the case in favor of the defendant on this ground without the granting of a new trial? This is the question presented for decision and it turns on the parameters of the trial court's discretion and the rules of pleading.

A motion to amend a pleading is addressed to the sound discretion of the trial court and such discretion will not be disturbed on appeal unless there is a showing of abuse of discretion. *Perdue v. S. J. Groves and Sons Company,* 152 W.Va. 222, 161 S.E.2d 250 (1968); *Payne v. Kinder,* 147 W.Va. 352, 127 S.E.2d 726 (1962); *Grottendick v. Webber,* 132 W.Va. 539, 52 S.E.2d 700 (1949); *Dickinson v. Rand,* 102 W.Va. 574, 136 S.E. 42 (1926). The allowance of an amendment of a pleading by a trial court is not subject to review on appeal except for abuse of discretion. 3 MOORE, FEDERAL PRACTICE, § 15.08 [4] (2d ed. 1968). This is a general rule!

The statute of limitations is an affirmative defense which, under Rule 8(c), must be pleaded. *Harrison v. Thompson,* 447 F.2d 459 (5th Cir. 1971); *Jones v. Rogers Memorial Hospital,* 442 F.2d 773 (D.C.Cir. 1971); *Eastridge v. Fruehauf Corporation,* 52 F.R.D. 129 (D.C.Ky. 1971); 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 1270 (1969) and cases cited therein. This too, is a general rule!

A failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the trial of the case. *Skeen v. C and G Corporation,* 155 W.Va. 547, 185 S.E.2d 493 (1971); *Investors Loan Corporation v. Long,* 152 W.Va. 673, 166 S.E.2d 113 (1969); 5 WRIGHT & MILLER, *supra,* § 1278 and cases cited therein. This is also a general rule recognized by this Court!

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. Rule 15(b), W.Va. R.C.P. Leave granted by the court to amend the pleadings shall be freely given when justice so requires. Rule 15(a), W.Va. R.C.P. *Perdue v. S. J. Groves and Sons Company, supra.* These

general rules, in the words of the procedure which govern the trial of civil cases in this jurisdiction, appear to be clearly contradictory to the previous two rules set forth immediately above.

In a nutshell, a trial court's discretion to allow a pleading amendment is error on review only when that court goes beyond the leeway granted it by law. The federal cases construing Rule 8(c) of the Federal Rules of Civil Procedure which is identical to Rule 8(c), W.Va. R.C.P., say that the statute of limitations as a bar to an action should only be considered in trial when raised by an 8(c) pleading—an affirmative defense. Otherwise this defense is waived. But Rule 15 indicates that when justice so requires and the merits will be served, any amendment to a pleading, which was seasonable when the action began, shall be permitted. The trial court has permitted an amendment, accepted the plea of the statute of limitations and disposed of the case in favor of defendant though the verdict and judgment went against him. Was the court so wrong that we must declare his action error?

Yes, we think so. A trial court must recognize that "trial by ambush", if ever encouraged by common law pleading practices, is rejected now. Since the adoption of the West Virginia Rules of Civil Procedure, a litigant should sleep well in the knowledge that his claim or defense may be asserted by "notice" and that he will not be sabotaged in the presentation of his case. So long as his opponent is fairly apprised and presented with the opportunity to contradict, he should not lose the merits of his position by imprecise and less than conclusive pleading.

This Court has not previously passed upon the question of whether the statute of limitations must be pleaded affirmatively in defense under Rule 8(c), W.Va. R.C.P. if it is to be a successful bar to an action. We have, however, been presented with this question as it relates to other defenses listed under Rule 8(c). In the case of *Investors*

*Loan Corporation v. Long, supra,* we held that Rule 8 (c) requires that usury must be affirmatively pleaded, and that this Court would not consider this defense when raised for the first time on appeal. In our decision in the case of *Dunning v. Barlow & Wisler, Inc.,* 148 W.Va. 206, 133 S.E.2d 784 (1963), we adverted to the requirement that the doctrine of assumption of risk was not asserted in defendant's answer as required by Rule 8 (c) nor apparently tried by express or implied consent of the parties allowable by Rule 15 (b) and, therefore, this Court would not on appeal consider this nonjurisdictional question not determined at the trial level. We held in the case of *Skeen v. C and G Corporation, supra,* that if a party wishes to assert the affirmative defense of waiver it must be pleaded as required in Rule 8 (c) or it cannot be considered at trial or as a basis for error on appeal. This decision standing alone would certainly indicate a strict approach to the requirement that under Rule 8 (c) affirmative defenses must be pleaded or waived. Since an affirmative defense would defeat plaintiffs' claim if it is accepted by the Court, Rule 8 (c) by requiring the defendant to plead his defense or risk waiving it, serves the purpose of giving the opposing party notice of the defense and an opportunity to argue why his claim should not be barred completely. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971). For this reason alone the application of the rule is sound.

We hold that the statute of limitations with other listed defenses set forth in Rule 8 (c) are defenses which should be set forth affirmatively or the pleader risks the court's denial to assert that defense in bar at trial. The admission of the defense of statute of limitations absent proper pleading rests in the sound discretion of the trial court in accordance with the rules set forth in Rule 15, W.Va. R.C.P. We must, however, recognize that the rules are to be construed liberally to do justice for claimant and defendant alike.

In this case before us, the Paparodis heirs came to court with a claim against their lawyer based on alleged failure to file their decedent's estate tax return which cost them money. Perhaps they came with more than slight awareness that their claim might be stale in tort but viable in contract. Knowing also that the claim possibly would not be barred unless the affirmative defense of the statute of limitations was raised by the defendant, they had nothing to fear or prepare for until the bar was raised. They waited until the pleadings closed, the pretrial conference concluded and then they presented their best case, which they apprehended to sound in tort—a malpractice. Then and only then, when they were wholly committed by the presentation of all their evidence and had closed their case, their opponent exclaimed: Limitations bar the action and I am free of prosecution. The trial court then agreed.

The salutary spirit of notice pleading is not subserved by this turn of events. True enough, the defendant's merits of the case will be approached and possibly concluded if limitations may be pleaded in bar. But where is the notice and fair opportunity to respond? Certainly if defendant should ultimately prevail by asserting a claim late in the proceedings, his interests and justice's should be recognized. But the claimant as well, should be given every opportunity to recover from surprise and prosecute his claim to success if the law so provides.

In Ohio, an action by a client against his lawyer for a breach of the relationship is treated as a malpractice action governed by a one year statute of limitations. Ohio Rev. Code, § 2305.11 (1954). Section 2, Article 2A, Chapter 55, West Virginia Code, 1931, as amended, provides that where a claim accrues beyond state boundaries, the shorter limitation, West Virginia or foreign, shall govern such action. But according to Ohio case law a cause of action against an attorney for malpractice involving a failure to make application for federal and state tax refunds accrues at the latest when the attorney-client

relationship finally terminates. *The Keaton Co. v. Kolby*, 27 Ohio St. 2d 234, 56 O.O.2d 139, 271 N.E.2d 772 (1971).

The Paparodis heirs had no opportunity to recover and present any evidence they may have had that the lawyer's relationship with them terminated after long negotiation and less than a year before action was instituted. Their proof may not have told this story or presented any matter which would have established that the action was not barred by statute. But the court, treating limitation as a matter of law, precluded any factual defense to limitation such as tolling or waiver or any other possibilities which may occur to the fruitful and inventive legal mind.

Rule 15 recognizes there are instances, as in the case before us, when justice would seem to require an amendment to assert an 8(c) defense during or even after trial.

Though an amendment to present an affirmative defense may be received orally or in writing, and permitted as a plea as long as the trial court retains jurisdiction of the case, it will not be permitted over objection unless certain strict tests of fairness are met. According to the plain language of Rule 15(b), W.Va. R.C.P., an amendment over the objection of the opposing party to assert an affirmative defense should not be accepted unless (1) it promotes the presentation of the merits of the action; (2) the adverse party will not be prejudiced by the sudden assertion of the defense; and (3) the adverse party is given ample opportunity to meet the issue. 4 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 1278, and cases cited therein; 5 WRIGHT & MILLER, *supra,* § 1492, and cases cited therein. Inasmuch as the statute of limitations if successfully asserted will dispose of the action involving the Paparodis heirs and the lawyer, the first requirement of promoting the presentation of the merits of the action is satisfied.

The discretion of the trial court in this civil action is tested however by the second and third requirements

relating to prejudice by the sudden assertion of the defense and the opportunity of the adverse party to respond. A recent case concerning this situation was presented in a review of the Federal Rules of Civil Procedure in the *Blonder-Tongue* decision, *supra,* which involved a patent infringement. There, petitioner, because of a prior ruling in a lower appellate court, did not assert a defense allowable in a subsequent decision during the pendency of the patent case. For this reason the Supreme Court remanded the case to allow petitioner to amend his pleadings, assert the affirmative defense and to permit the adverse party the opportunity to challenge the appropriateness of such a plea with controverted evidence. We believe the reasoning set forth in that case is appropriate to the case at hand.

Rule 15 (a) and (b), W.Va. R.C.P. gives the trial court the right to exercise discretion and permit amendment to pleadings so long as such court retains jurisdiction of the case, but the court cannot thereby conclude a party's right to controvert an amended plea with evidence which will defeat it. The cases recognize limitations of action are generally evidentiary matters. See *Scarborough v. Atlantic Coast Line R. Co.,* 190 F.2d 935 (4th Cir. 1951).

In the spirit of Rule 15 which provides that pleadings shall be freely amended when justice so requires, we hold that the trial court was correct and did not abuse its discretion by permitting a pleading amendment to assert the affirmative defense of statute of limitations over objection of the opposing party.

But we also hold that the trial court abused its discretion and consequently erred by not giving the adverse party, the Paparodis heirs, the opportunity to respond with any evidence they may have to challenge the appropriateness of the pleading of the statute of limitations. The question before the court involving the statute of limitations was not one of law but rather of fact, and it is possible that the Paparodis heirs may have evidence if given the opportunity to present the same,

which will show that the applicable statute of limitations had not run against them or that some other legal reason could bar its assertion as a defense.

For these reasons, that part of the final order of the Circuit Court of Hancock County which permitted the defendant to amend his answer to plead the statute of limitations is affirmed, but that part of the order which entered judgment and costs in favor of the defendant is reversed, and this case is remanded to that court with directions in accordance with the principles set forth in this opinion.

*Reversed in part; affirmed in part; and remanded with directions.*