**Alton JACOBS, Plaintiff,**

**v.**

**OHIO VALLEY REGIONAL TRANSPORTATION AUTHORITY & Local 103 of the Amalgamated Transit Union, Defendants.**

Civ. A. No. 86–12–W.

United States District Court, N.D. West Virginia, Wheeling Division.

June 13, 1986.

Michael W. McGuane, Thos. C. Schultz, Wheeling, W.Va., for plaintiff.

Paul C. Camilletti, Wray V. Voogelin, Wheeling, W.Va., Mary Jo Miller, Pittsburgh, Pa., for defendants.

**ORDER**

MAXWELL, Chief Judge.

Plaintiff in this action seeks damages against the Ohio Valley Regional Transpor-

tation Authority ("OVRTA") and the Amalgamated Transit Union, Local Union No. 103 ("Union"). Plaintiff alleges his discharge from employment by OVRTA is in violation of the collective bargaining agreement between the defendants OVRTA and the Union, and further, that the Union breached its duty of fair representation in failing to take the Plaintiff's grievance to arbitration.

Plaintiff brings this action pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 *et seq.*

The Union has filed a Motion to Dismiss the Complaint, pursuant to Rule 12(b), Federal Rules of Civil Procedure. In support of its Motion, the Union has submitted Memoranda of Law. The Plaintiff has filed a Memorandum in Opposition.

Upon consideration of the pleadings and the Memoranda submitted, it is ORDERED that Defendant's Motion to Dismiss be, and the same is hereby, GRANTED.

Plaintiff was an employee of the OVRTA until August 16, 1985, when he was discharged. At this time he was also a member of the Union, who was his bargaining agent, pursuant to a collective bargaining agreement dated July 1, 1982, between the OVRTA and the Union. This agreement specifies the procedure to be employed in the event of a grievance being filed by a member of the Union. The Plaintiff alleges that the OVRTA breached the terms of this agreement when he was discharged and when the Union failed to fairly represent him by refusing to take his grievance to arbitration. In seeking to invoke the Court's jurisdiction, Plaintiff alleges that the actions of the Defendants are such that he is entitled to bring this action pursuant to § 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a) as follows:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respects to

the amount in controversy or without regard to the citizenship of the parties.

The Act furnishes definitions for the terms in this subchapter. In particular § 2(2), as amended July 26, 1974, 29 U.S.C. § 152(2) defines "employer" and expressly excludes from this definition "any State or political subdivision thereof". For a person to be an "employee" within the meaning of this act, he must be employed by a person who is considered an "employer" within 29 U.S.C. 152(2).

The Supreme Court in *NLRB v. Natural Gas Utility District*, 402 U.S. 600, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971), determined that it is federal law rather than state law that governs whether or not an entity is a "political subdivision" of a State within the meaning of § 2(2) of the Act, 29 U.S.C. § 152(2). The Court adopted the definition established by the NLRB in distinguishing the label political subdivision as it was enforced in *NLRB v. Randolph Electric Membership Corp.*, 343 F.2d 60 (4th Cir. 1965). According to this definition, an entity is a political subdivision if it was "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or the general electorate." 402 U.S. 600 at 604–605.

OVRTA was created in accordance with the provisions of the West Virginia Code, Chapter 8, Article 27, Section 4. This section provides that an authority created pursuant to this statute shall constitute a public corporation. The Urban Mass Transportation Authority Act, W.Va.Code § 8–27–1 *et seq,* provides that an authority created pursuant to this act shall be managed by a board to be appointed by the governing bodies of the participating governments. The authority, among other express powers, shall have the right of eminent domain incidental to the purposes of the authority. Thus, the Defendant OVRTA falls within the definition of a political subdivision as that term is used in 29 U.S.C. § 152(2). It follows that since OVRTA is not an "employer" within this mean-

ing, then the Plaintiff is not an "employee".

The facts before the Court are not unlike those before the court in *Crilly v. Southeastern Pennsylvania Transportation Authority*, 529 F.2d 1355 (3rd Cir.1976). The court in *Crilly*, after a thorough discussion of the interrelationship of the definition sections of the Wagner and the Taft-Hartley Acts, (29 U.S.C. § 142 and 29 U.S.C. § 152 respectively), found that it lacked subject matter jurisdiction because the defendant was not an employer within the meaning of either of the Acts. The defendant in *Crilly* was an authority created by the Pennsylvania legislature to exercise certain public powers, such as eminent domain, and was governed by a board appointed by elected officials. The plaintiff claimed he had been wrongfully discharged and that the local union had not fairly represented him in the matter.

■ Therefore, since OVRTA is not an employer, the Union representing the employees is not a "labor organization" within the meaning of 29 U.S.C. § 142(3) and 29 U.S.C. § 152(5) and under the facts and circumstances presented in this civil action would not be subject to an action brought pursuant to § 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a). Thus, this Court lacks jurisdiction under the National Labor Relations Act. Therefore, it is accordingly

ORDERED that this civil action be, and the same is hereby, dismissed and retired from the docket.