456 S.E.2d 445

**James A. HANSHAW and Jerry A. Sheets, Plaintiffs below, Appellants,**

v.

**The CITY OF HUNTINGTON, West Virginia, a municipal corporation, Defendant below, Appellee.**

No. 22273.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1995.

Decided Feb. 16, 1995.

Charles W. Peoples, Jr., Huntington, for appellants.

Frederick G. Staker, City Atty., City of Huntington, Huntington, for appellee.

NEELY, Chief Justice:

James A. Hanshaw and Jerry A. Sheets appeal an order entered by the Circuit Court of Cabell County, granting the City of Huntington's motion for summary judgment on the grounds that the appellants' action was barred by the statute of limitations provided by Section 10(b) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 160(b), and dismissing the action with prejudice. Mr. Hanshaw and Mr. Sheets brought a declaratory judgment action seeking a declara-

tion of their respective rights to payment for certain benefits they contended were due upon retirement from their employer, the City of Huntington. The benefits at issue are allegedly owed by virtue of a wage and benefits agreement between the City of Huntington and the appellants' collective bargaining agent.

The appellants filed for declaratory judgment ten months after the alleged breach of the collective bargaining agreements. The primary issue on appeal is whether the six month federal statute of limitations applicable to collective bargaining agreements concluded under the LMRA applies to an action by an employee against an employer for breach of a collective bargaining agreement when the employer *is a municipal corporation.* We find that it does not.

### I.

Mr. Hanshaw and Mr. Sheets were employed by the City of Huntington Fire Department. They filed a declaratory judgment action seeking a declaration of their rights and entitlement to payment for benefits due to them upon retirement from the Huntington Fire Department. The claim sought compensatory relief based on interpretation of the collective bargaining agreement in effect between the appellant employees and their employer, the City of Huntington, a municipal corporation.

For the purposes of this appeal, it is not disputed that the appellants' declaratory judgment action was instituted by the filing of a complaint ten months after the alleged breach of the collective bargaining agreement. Furthermore, it is not disputed that the City failed to assert the statute of limitations as an affirmative defense in initial answer to the complaint. The City of Huntington contends that the trial court allowed the City orally to amend its answer to include the affirmative defense that the action was barred by the statute of limitations in Section 10(b) of the Labor Management Relations

Act. Although appellants' lawyer does not recall the circuit court granting an orally amended answer pleading a statute of limitations defense, he accepts the good faith representation of opposing counsel in appellee's brief on this issue.[1]

Subsequently, the City filed a motion for summary judgment on the grounds that the appellants' action was time-barred, citing the six month statute of limitations applicable to collective bargaining agreement disputes under the Labor Management Relations Act, 29 U.S.C. § 160. In response, the appellants filed a motion to strike on the grounds that the City's motion for summary judgment was untimely under Rule 8(c) of the West Virginia Rules of Civil Procedure, citing the City's failure to plead the statute of limitations as an affirmative defense in answer to the complaint. In addition, the appellants claimed that the City of Huntington, as a municipal corporation, qualified as a political subdivision of the State of West Virginia. Thus, appellants asserted that the City was specifically exempted from the provisions of the Labor Management Relations Act because the City is not defined as an "employer" by the Act.

Accordingly, the appellants argued that federal law did not preempt state statutory law, and the six month LMRA statute of limitations should not apply to this claim. Rejecting the appellants' argument, the circuit court granted the appellee's motion for summary judgment, concluding that federal law preempted state law and that the six month statute of limitations provided under the federal act applied. The claim was dismissed with prejudice.

### II.

The appellants raise two assignments of error. The first assignment is that the circuit court erred by granting the City's motion for summary judgment because the motion was untimely filed. The second assign-

---

1. Counsel for the Appellants has no recollection of the trial court allowing an oral amendment to the Appellee's Answer, and no record was made of those proceedings. Prior to the Appellee's summary judgment motion, the Appellants assert that they were unaware that the City was claim-

ing statute of limitations as an affirmative defense. However, based upon reference to the orally amended answer by Appellee's counsel on brief, Appellants' counsel does not contest the City's claim that an amended Answer was allowed by the court below.

ment of error is that the circuit court erred by ruling that this action was exclusively governed by the federal law of collective bargaining and applying the six month statute of limitations under the Act.

The first assignment of error addresses the fact that the City of Huntington failed to raise the statute of limitations as an affirmative defense in answer to the complaint. According to the undisputed statement of appellee's lawyer in the brief, the circuit court allowed the City orally to amend its answer to include the affirmative defense at issue, before the hearing on the City's motion for summary judgment. The appellants' lawyer had no recollection of the amendment before reading the City's brief; accordingly, there is no record as to whether appellants objected at that time. Although there was no written record of the proceeding granting the orally amended answer, the appellants decline to contest its existence *per se*. The first written assertion of the statute of limitations defense by the City was in its motion for summary judgment. The motion for summary judgment by the City was the first time the appellants' lawyer became aware that the statute of limitations defense had been raised.

Rules 8(c) and 8(d) of the West Virginia Rules of Civil Procedure state, in pertinent part:

(c) *Affirmative Defenses.*—In pleading to a preceding pleading, a party shall set forth affirmatively ... statute of limitations, ... and any other matter constituting an avoidance or affirmative defense.

In response to the motion for summary judgment, the appellants asserted that under the *West Virginia Rules of Civil Procedure*, a statute of limitations defense is an affirmative defense that *must* be raised in answer to the complaint, otherwise it is waived. However, West Virginia case law does not hold that improper pleading of a statute of limitations defense automatically results in waiver.

■ Under *WVRCP*, Rule 15, the admission of the defense of statute of limitations, when improperly pleaded, will be left to the sound discretion of the circuit court.[2] *Nellas v. Loucas*, 156 W.Va. 77, 191 S.E.2d 160 (1972). In Syl. pt. 5 of *Nellas* we stated:

Although a trial court in its sound discretion and pursuant to Rule 15, W.Va. R.C.P. may permit a pleading amendment asserting the affirmative defense of statute of limitations during or even after trial over the objection of the opposing party, it abuses its discretion and thereby commits error when it does not, in turn, accord the party moved against adequate opportunity to respond with evidence to meet the issue pleaded.

Furthermore, we held that "the rules are to be construed liberally to do justice for claimant and defendant alike." *Nellas*, 156 W.Va. at 83, 191 S.E.2d at 164. The appellants in this case were given adequate opportunity to respond to the City's affirmative defense claiming the statute of limitations defense. Accordingly, we find that the circuit court did not err by presumably allowing the statute of limitations defense to be raised over objection in the City's motion for summary judgment.[3]

■ In the absence of a record regarding the circuit court ruling granting the orally amended answer, we turn to the record offered by the summary judgment motion. In Syl. pt. 4 of *Nellas, supra*, we established the strict standard by which fairness shall be judged.

---

2. Rule 15(a) states, in pertinent part:

Amendments.—A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

3. The final order of the circuit court contained no reference to the Appellants' argument against allowing the introduction of this defense based upon *WVRCP*, Rule 8. Instead, the order focused entirely on the issue of the applicability of the federal statute of limitations.

According to Rule 15(b), W.Va.R.C.P. an amendment to a pleading to assert an affirmative defense offered during or after trial over the objection of the opposing party *should not be accepted unless* (1) it permits the presentation of the merits of the action; (2) the adverse party will not be prejudiced by the sudden assertion of the defense; and (3) the adverse party is given ample opportunity to meet the issue. [Emphasis added.]

■ The first requirement is satisfied by virtue of the fact that a statute of limitations defense, if successfully asserted, leads to an ultimate resolution of the case. It is the other two requirements that present issues for review. Although there is no record of an orally amended answer prior to the summary judgment motion, the appellees' assertion that a hearing occurred below granting amendment (albeit unrecollected by the appellant and unmentioned in the final order issued below) satisfies the second requirement banning "sudden assertion" to avoid prejudice. With respect to the third fairness requirement, the appellants assert that the circuit court abused its discretion by not allowing an adequate opportunity to challenge the pleading of the statute of limitations defense. We disagree.

At the hearing on the summary judgment motion the appellants argued that the six month federal statute of limitations applicable to collective bargaining disputes under the National Labor Management Relations Act did not apply to disputes involving state political subdivisions, such as the City of Huntington. The appellants further argued that in the absence of federal preemption, the ten year statute of limitations under West Virginia law applied; therefore, the action was not time barred. The circuit court simply disagreed with the appellants' argument.

■ Although we do not encourage "trial by ambush", when a pleading can be amended to include the affirmative defense of statute of limitations without denying adequate opportunity for the adverse party to respond, we will affirm the lower court ruling granting leave to amend. *Nellas,* 156 W.Va. at 82, 191 S.E.2d at 163. Under *WVRCP,* Rule 15

[1978], we do not find that the circuit court abused its discretion by allowing an amended answer to assert the statute of limitations as an affirmative defense.

### III.

■ The second assignment of error is that the circuit court erroneously held that federal law preempted the state law, and applied the six month federal statute of limitations set forth in Section 10(b) of the Labor Management Relations Act, 29 U.S.C. § 160(b). Although this court has never specifically addressed this issue, the language of the federal statute and the body of case law in other jurisdictions support the appellants' position.

29 U.S.C. § 152, provides in pertinent part:

When used in this subchapter—

\*　\*　\*　\*　\*　\*

(2) The term "employer" includes any person acting as an agent of an employer, directly or indirectly, *but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof,* or any person subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

(3) The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise ... but shall not include any individual ... employed by an employer subject to the Railway Labor Act, as amended from time to time, or by any other person who is not an employer as herein defined.

[Emphasis added.]

■ The Supreme Court of the United States, in *NLRB v. Natural Gas Utility Dist. of Hawkins County, Tenn.,* 402 U.S. 600, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971), held that federal law, rather than state law, governs whether an entity is a "political subdivision"

of a State within the meaning of § 2(2) of the Act, 29 U.S.C. § 152(2). The Court then adopted the definition articulated by the NLRB in *NLRB v. Randolph Electric Membership Corp.*, 343 F.2d 60 (4th Cir.1965). Accordingly, an entity qualifies as a "political subdivision" if it was "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or the general electorate." 402 U.S. 600 at 604–605, 91 S.Ct. at 1749; *Accord Jacobs v. Ohio Valley Regional Transportation Authority*, 636 F.Supp. 841, 842 (N.D.W.Va.1986).

■ The appellants were employees of the City of Huntington's Fire Department. The underlying dispute involved the collective bargaining agreement between the appellants and their employer, the City of Huntington. The City of Huntington was incorporated as a municipal corporation under the laws of this State in accordance with *West Virginia Code*, 8–1–1 *et seq.* [1937]. The City exercised its authority under *W.Va. Code*, 8–15–9 [1969] to establish and maintain a paid fire department "subject to the authority, control and discipline of the administrative authority."

■ Thus, the appellee falls within the definition of political subdivision as that term is used in 29 U.S.C. 152(2). It follows that since the City of Huntington is not an "employer" within this meaning, then the appellants are not "employees" governed by the federal laws of collective bargaining. Accordingly, we find that state law provides the statute of limitations applicable to a collective bargaining dispute between employees and their employer, when the employer is a political subdivision of the State, because the employer is exempted from the coverage of the Labor Management Relations Act. Therefore, despite the fact that the underlying dispute involves an alleged breach of a collec-

tive bargaining agreement, federal law does not preempt state law in this case.[4]

Other courts addressing this issue have come to the same conclusion. *Lundgren v. Pawtucket Firefighters Ass'n Local No. 1261*, 595 A.2d 808 (R.I.1991) (Employees of city fire department were not employees under the National Labor Relations Act, because their employer, the city, as a political subdivision of the state is exempted from the definition of "employer" under the Act.) Additional authority also holds that employees of political subdivisions of a state are not governed by federal labor law. *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328 (6th Cir.1987) (public employees of subdivisions of a state are not governed by federal labor law); *Accord, Long v. City of Saginaw*, 911 F.2d 1192 (6th Cir.1990); *Manfredi v. Hazleton City Authority, Water Dept.*, 793 F.2d 101 (3rd Cir.1986).

The appellee cites to *Del Costello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) to support the general proposition that federal law preempts state law in cases involving breach of collective bargaining agreements. However, *Del Costello* can be distinguished because it did not involve an agreement between an employee and a political subdivision of a state. *Del Costello* can be further distinguished from this case because the holding was specifically directed to *hybrid claims* by an employee alleging breach of collective bargaining agreement by an employer, under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, with additional claims against a union alleging breach of the union's duty of fair representation. In such cases, "the two claims are inextricably interdependent". *Id.* 462 U.S. at 164–165, 103 S.Ct. at 2291.

· The appellants filed the complaint alleging breach of collective bargaining agreement ten months after the alleged breach occurred. Therefore, the circuit court erred by

---

4. Appellee cites to *Chapple v. Fairmont General Hospital, Inc.*, 181 W.Va. 755, 384 S.E.2d 366 (1989) as authority that federal law pre-empts state law in cases involving an alleged breach of a collective bargaining agreement. Although *Chapple* involved a collective bargaining dispute, it did not involve a statute of limitations defense. The case is further distinguished by the fact that

neither party in *Chapple* claimed that federal law should not apply or that Fairmont General Hospital, Inc. was not an employer covered under the Act. Therefore, we must conclude that the hospital qualified as an employer covered under the Act. Thus, *Chapple* does not provide useful guidance on the issues presented to this Court.

granting summary judgment against the appellants and dismissing the action with prejudice. Accordingly, we reverse and remand this action with instructions that the statute of limitations to be applied is set forth in *W.Va.Code*, 55–2–6 [1923].[5]

Reversed and remanded.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.

---

5. *West Virginia Code* 55–2–6 [1923] provides, in pertinent part:

Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years....