455 S.E.2d 545

**Sharron D. BROWN, as Administratrix of the Estate of Sidney D. Brown, and as Next Friend of Decedent's Infant Daughters, Bethany Brown, Kelly Brown, and Melissa Brown, Plaintiff Below, Appellant,**

v.

**COMMUNITY MOVING & STORAGE, INC., A West Virginia Corporation, Roy W. McNemar, and Leonard Papa, Defendants Below, Appellees.**

No. 22301.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided Feb. 17, 1995.

Scott S. Segal, Jeffrey V. Mehalic, Segal and Davis, L.C., Charleston, for appellant.

Peter J. Conley, Siegrist, Spelsberg, White, Martin & Conley, Clarksburg, for appellees.

PER CURIAM:

This action was brought by the appellant and plaintiff below, Sharron D. Brown, as administratrix of the Estate of Sidney D. Brown, to recover damages for the wrongful death of her husband resulting from an accident which occurred on July 21, 1988. Mr. Brown's vehicle was struck by a truck belonging to Community Moving & Storage, Inc., (Community Moving) and driven by Roy W. McNemar, appellees and defendants below.[1] In *Brown v. Community Moving & Storage, Inc.*, 186 W.Va. 691, 414 S.E.2d 452 (1992), we held that Home Insurance Company had no duty to defend and indemnify Community Moving in this suit because the policy was void *ab initio* after Leonard Papa,

---

1. Mrs. Brown also brought suit on behalf of the couple's three infant daughters, Bethany Brown, Kelly Brown, and Melissa Brown.

President of Community Moving, fraudulently obtained the policy.[2]

On June 23, 1992, the plaintiff moved to amend her complaint to add Mr. Papa as a defendant in his personal capacity. Her motion was granted, and a fraud count against Mr. Papa was added to this civil action. The Circuit Court of Harrison County held a hearing following Mr. Papa's motion to dismiss the amended complaint as untimely filed. On November 16, 1993, the circuit court granted the motion. On appeal, the plaintiff argues the dismissal was improper because she filed the amended complaint within the applicable statute of limitations if the discovery rule is applied, and Mr. Papa had notice of the amended complaint and was not prejudiced by the relation back to the original complaint.

The first issue for resolution is whether the amended complaint was timely filed. The accident occurred on July 21, 1988, and the original complaint was filed on August 3, 1989. An amended complaint adding Home Insurance Company was filed on September 15, 1989. On September 21, 1992, the amended complaint at issue in this appeal was filed after this Court held Mr. Papa's acts constituted fraud. Although four years separate the injury and the filing of this amended complaint, the plaintiff asserts the discovery rule would toll the statute of limitations period.[3] Syllabus Point 3 of *Stemple v. Dobson*, 184 W.Va. 317, 400 S.E.2d 561 (1990), states:

"Where a cause of action is based on tort or on a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence show know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury."

The circuit court found that the cause of action against Mr. Papa alleging fraud should have been discovered by the plaintiff after Mr. Papa's deposition on February 1, 1990, and/or at the completion of the depositions of the Home Insurance agents on April 27, 1990. At that point, it was clear Mr. Papa aspired to obtain insurance to cover an accident that had already taken place without informing the insurance agent of the pending claim.

The plaintiff asserts that, consistent with *Stemple*, the point in time the cause of action was discoverable is a question of fact to be answered by the jury and, therefore, the circuit court erred in dismissing the amended complaint. We do not, however, find *Stemple* applicable to the case at hand because it is undisputed that the nature of the injury, i.e., wrongful death, was recognized by the plaintiff on the date of the accident.

The plaintiff further contends that the appropriate date for accrual of the cause of action is February 6, 1992, the date this Court decided in *Brown, supra,* that Mr. Papa's conduct constituted fraud. She argues it would have been against her interests to assert from the outset that the policy was procured by fraud because she was seeking recovery under the policy. Finally, she states the circuit court found Home Insurance Company was obligated to defend and indemnify and, accordingly, she could not at that time demonstrate a good faith basis for the fraud claim under Rule 11 of the West Virginia Rules of Civil Procedure.

The defendants respond that the circuit court was correct in dismissing the amended complaint because all the facts relied upon in the fraud claim were discovered by the plaintiff nearly three and one-half years before the amended complaint at issue was filed. At the close of Mr. Papa's and the insurance agents' depositions, it was clear that Mr. Papa had committed fraud. Furthermore, Home Insurance Company recognized the fraud claim against Mr. Papa and timely asserted the defense, and it possessed no greater information than the plaintiff.

2. Mr. Papa procured the insurance policy after the accident had taken place and attempted to seek coverage.

3. The two-year statute of limitations period set forth in W.Va.Code, 55–2–12 (1959), is applicable to the fraud claim against Mr. Papa. The statute states, in part: "Every personal action for which no limitation is otherwise prescribed shall be brought: ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

■ Because the amended complaint was untimely filed, the defendants assert it is within the discretion of the circuit court to determine whether the amended complaint could date back to the original filing date. Syllabus Point 3 of *Peneschi v. National Steel Corp.*, 170 W.Va. 511, 295 S.E.2d 1 (1982), states:

"Where a plaintiff has not filed any claim against a third-party defendant, but after the statute of limitations has run seeks to amend his complaint to add that third-party defendant as a party defendant to the original complaint because a new cause of action was *discovered* in the development of the original law suit within a reasonable time, it is within the trial judge's discretion under Rule 15(c), W.Va. R.C.P. to determine whether the ends of justice are served by permitting the complaint to be amended and 'relate back,' thereby avoiding the effect of the statute of limitations." (Emphasis in original).

Furthermore, the defendants assert Mr. Papa had no notice of the fraud claim. Although Mr. Papa is President of Community Moving, they contend he could not have foreseen being brought into the suit in his personal capacity because the amended complaint asserts a different cause of action against a new defendant four years after the accident occurred.

After reviewing the record in this matter, we hold the circuit court was correct as a matter of law in granting the motion to dismiss the amended complaint. We first focus on our earlier decision in *Brown, supra.* The evidence was clear on the record that Mr. Papa fraudulently obtained the insurance policy. We disagree with the plaintiff's conclusion that until this Court declared Mr. Papa's actions constituted fraud, she could not in good faith bring the claim. Her assertion that the circuit court ruled as a matter of law that Mr. Papa had not committed fraud is incorrect. The circuit court found that Ms. Brown, as an innocent third-party beneficiary, should not suffer the consequences of Mr. Papa's misrepresentations. In fact, the plaintiff argued she should receive the proceeds of the policy and Home Insurance Company could then pursue its claims against Community Moving. *See* 186 W.Va. at 692 n. 1, 414 S.E.2d at 453 n. 1.

We recognize the plaintiff's reluctance to bring the fraud action against Mr. Papa because to do so effectively would block recovery of the valuable insurance proceeds. However, we do not find this fact to be persuasive. It is not a rare situation in which a plaintiff must choose to add a party he would rather not bring into the suit or plead alternative theories to the circuit court. We agree with the circuit court's finding that the plaintiff possessed all facts necessary to bring the fraud claim at the close of Mr. Papa's depositions. In fact, the circuit court granted her the more liberal date to begin the tolling of the statute of limitations—the completion of the insurance company agents' depositions on April 27, 1990.

■ Because the amended complaint was not filed within the two years proceeding April 27, 1990, we find our analysis set forth in Syllabus Point 3 of *Peneschi, supra,* controlling. It is within "the trial judge's discretion under Rule 15(c), W.Va.R.C.P. to determine whether the ends of justice are served by permitting the complaint to be amended and 'relate back,' thereby avoiding the effect of the statute of limitations." The circuit court determined that Mr. Papa did not have "notice of the fraud claim against him prior to being served with the Second Amended Complaint." Because there is no adequate evidence to the contrary, we find no abuse of discretion in this case.[4]

For the foregoing reasons, the November 16, 1993, order of the Circuit Court of Harrison County is affirmed.

Affirmed.

---

4. In arguing that Mr. Papa had proper notice of the fraud claim, the plaintiff is faced with a Catch–22: on the one hand, she argues the evidence clearly shows Mr. Papa had sufficient notice he would be brought into the suit in his personal capacity; yet, on the other hand, she argues she could not discover the claim against Mr. Papa until this Court ruled he committed fraud.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.