IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 20-0033
_____

KAREN COFFIELD,
Defendant Below, Petitioner

v.

RONALD NEIL ROBINSON II,
Plaintiff Below, Respondent

**FILED**
**April 16, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Circuit Court of Marshall County
Honorable Jeffrey D. Cramer, Judge
Civil Action No. 13-C-163

REVERSED AND REMANDED WITH DIRECTIONS
_____

Submitted: February 16, 2021
Filed: April 16, 2021

Paul J. Harris, Esq.
Wheeling, West Virginia
Attorney for Petitioner

Amy Pigg Shafer, Esq.
Shafer Law Offices
Wheeling, West Virginia
Attorney for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "The appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo*."  Syl. Pt 1, *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009).

2.      "The statute of limitations is a defense which should be set forth affirmatively pursuant to Rule 8(c), W.Va.R.C.P. or the pleader risks the court's denial to assert that defense in bar at trial."  Syl. Pt. 2, *Nellas v. Loucas*, 156 W. Va. 77, 191 S.E.2d 160 (1972).

3.      A defendant who asserts the statute of limitations as an affirmative defense in the answer to a complaint as required by Rule 8(c) of the West Virginia Rules of Civil Procedure does not subsequently waive that defense by engaging in discovery and participating in the litigation.

4.      "In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that

i

the conduct of that entity has a causal relation to the injury." Syl. Pt. 4, *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997).

5.       "Under the discovery rule set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997), whether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Syl. Pt. 4, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

**HUTCHISON, Justice:**

Petitioner Karen Coffield appeals the December 17, 2019, order of the Circuit Court of Marshall County denying her motion for judgment as a matter of law and her alternative motion for a new trial in this civil action filed against her by the respondent, Ronald Neil Robinson II. Mr. Robinson filed his complaint against Ms. Coffield on September 27, 2013, alleging that she fraudulently and intentionally concealed, for more than ten years, the fact that he was the father of her child. Mr. Robinson asserted that Ms. Coffield's conduct precluded him from establishing a relationship with his child and constituted intentional infliction of emotional distress. The case was tried before a jury in December 2019, and a verdict was returned in favor of Mr. Robinson. Thereafter, the circuit court awarded Mr. Robinson his attorney's fees.

In this appeal, Ms. Coffield primarily argues that the circuit court erred by not granting summary judgment in her favor prior to trial because Mr. Robinson's claims were barred by the applicable statute of limitations, which she alleged as an affirmative defense in her answer to his complaint.[1]  In denying Ms. Coffield's summary judgment

---

[1] Ms. Coffield also argues that the circuit court erred by refusing to allow her to present a justification defense at trial; prohibiting her from presenting her counterclaim; failing to bifurcate the issue of punitive damages until liability was established; permitting the jury to award punitive damages under what she claims is a lesser standard than the applicable statute requires; and awarding attorney's fees to Mr. Robinson.

motion, the circuit court concluded she had "slumbered on her rights" by engaging in the litigation for five years and, therefore, waived her statute of limitations defense. For the reasons set forth below, we find that the circuit court erred in that regard. We further find that Mr. Robinson's claims were barred by the applicable statute of limitations. Therefore, we reverse the circuit court's final order and remand this case for entry of an order setting aside the jury's verdict and granting judgment as a matter of law in favor of Ms. Coffield.

## I. Facts and Procedural Background

The parties had a three-year relationship that ended in February 2000. A few months later, the parties spent one night together. Thereafter, Ms. Coffield told Mr. Robinson that she was pregnant, but did not disclose that he was the father of her child. Instead, she told him that she became pregnant by artificial insemination. Ms. Coffield gave birth to her child in March 2001. After the child was born, Mr. Robinson made a couple of inquiries about the child's paternity because people commented on the child's resemblance to him. Ms. Coffield maintained that her child had been conceived through artificial insemination.

After personally observing the child at the age of ten years old,[2] Mr. Robinson filed an action in the Family Court of Marshall County seeking a paternity determination. Thereafter, the family court ordered paternity testing, and on September

---

[2] The record indicates that Mr. Robinson saw the child singing at a local fair.

2

27, 2011, the test results confirming that Mr. Robinson was the child's father were filed in the family court case. Notably, however, Mr. Robinson posted the following on his Facebook page on September 11, 2011:

> I just wanted everyone to know that I just found out that im [sic] the father of A [sic] ten year old little girl. Her name is [] Coffield and she is so beautiful. I lost ten years not knowing she was mine but I intend on making up for lost time. I am so happy.

The parties had agreed to conduct a private DNA test using a kit obtained at a drugstore. They learned the results of the private test before the results of the paternity test ordered by the family court were made available.

On September 27, 2013, Mr. Robinson initiated this civil action by filing his complaint in the circuit court. On October 24, 2013, Ms. Coffield filed a motion to dismiss, asserting that West Virginia does not recognize actions for "alienation of affections" and Mr. Robinson's claims were barred by res judicata because the issues were decided in the family court case. The motion to dismiss was denied. Ms. Coffield then answered the complaint and asserted, inter alia, the statute of limitations as an affirmative defense.

On July 20, 2018, Ms. Coffield filed a motion for summary judgment, arguing that Mr. Robinson's complaint was barred because it was filed after the statute of

limitations expired.[3]    The circuit court denied the summary judgment motion by order entered on February 1, 2019, finding that Ms. Coffield had "slumbered on her rights to have the case dismissed pursuant to the statute of limitation[s]."   The case proceeded to trial on December 9, 2019.  At the end of the second day of trial, the jury returned a verdict for Mr. Robinson, finding in his favor only as to his claim of intentional misrepresentation/fraudulent concealment.[4]  The jury awarded Mr. Robinson $2,747.50 in compensable damages for "the reasonable costs and expenses . . . in legal fees, in his attempt to establish paternity to his daughter and gain custody of her" and punitive damages in the amount of $12,252.50, resulting in a total verdict of $15,000.

Subsequently, Ms. Coffield filed a motion for judgment as a matter of law or alternatively, a new trial, again asserting, inter alia, that the complaint was barred by the statute of limitations.  Mr. Robinson sought a new trial on damages only, claiming that the jury's compensatory damages verdict was inadequate.   The parties' respective motions were denied.

---

[3] There appears to have been a lengthy period during which no action was taken in this case.  The record does not indicate why this case remained in litigation for so long although it suggests that the cause may have been ongoing proceedings in the family court concerning child support, custody, and visitation.

[4] The jury found in favor of Ms. Coffield on the intentional infliction of emotional distress claim.

Mr. Robinson also filed a motion for an award of attorney's fees. A hearing was held on the motion on January 16, 2020, and by order dated February 21, 2020, Mr. Robinson was granted attorney's fees in the amount of $6,000.00. In its order, the circuit court included the following finding as a factor in determining the amount of reasonable attorney's fees to be awarded to Mr. Robinson:

> The Court is mindful of the fact that the plaintiff's prevailing fraud claim could have easily been dismissed. The statute of limitations for claims of fraud is two (2) years. The statute in this case began to run on September 11, 2011, when the plaintiff discovered that he was the father of the defendant's child. The plaintiff did not file his complaint until September 27, 2013, over two weeks too late. However, the defendant failed to raise the statute of limitations for nearly five (5) years. By order dated February 1, 2019, the Court denied the Defendant's Motion for Summary Judgment on the statute of limitations issue due to the defendant slumbering on her right to raise the same. But for the defendant's neglect, the fraud claim may have been barred completely.

Following entry of the circuit court's orders on the post-trial motions, Ms. Coffield filed her petition for appeal with this Court. In his response brief, Mr. Robinson has asserted two cross-assignments of error,[5] contending that the circuit court erred by denying his motion for a new trial as to damages only because of the inadequacy of the compensatory damages award and erred by failing to grant him a greater amount of attorney's fees.

---

[5] *See* W. Va. R. App. Proc. 10(f) (providing for cross-assignments of error to be set forth in respondent's brief).

## II. Standard of Review

Ms. Coffield appeals the circuit court's order denying her post-trial motion for judgment as a matter of law or, alternatively, a new trial. It is well established that "[t]he appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo*." Syl. Pt 1., *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009). Upon review, we find the dispositive issue in this case is whether the affirmative defense that a complaint is barred by the applicable statute of limitations can be waived by a defendant's participation in the litigation. Thus, we are presented with a question of law to which we also apply a de novo standard of review. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). With this standard in mind, we consider the parties' arguments.

## III. Discussion

In this case, the threshold question we must answer is whether the statute of limitations defense can be waived by participation in the litigation after it is asserted affirmatively in the answer to a complaint. Although we have not previously considered this exact issue, this Court has long held that "[t]he statute of limitations is a defense which

6

should be set forth affirmatively pursuant to Rule 8(c), W.Va.R.C.P.[6] or the pleader risks the court's denial to assert that defense in bar at trial." Syl. Pt. 2, *Nellas v. Loucas*, 156 W. Va. 77, 191 S.E.2d 160 (1972) (footnote added). Accordingly, *Nellas* provides a starting point for our analysis.

*Nellas* was an action brought by the heirs of a decedent against one of the attorneys who handled the administration of their decedent's estate and failed to timely file a federal estate tax return resulting in an assessment of penalties against the estate in addition to the tax that was due. *Id.* at 78-79, 191 S.E.2d at 161-62. The complaint was drafted in a vague manner such that it was unclear as to whether the cause of action sounded in tort or contract. The statute of limitations defense was not raised by the defendant in his answer to the complaint and did not become an issue until the middle of trial when defense

---

[6] Rule 8(c) of the West Virginia Rules of Civil Procedure provides:

> *Affirmative Defenses.* – In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, *statute of limitations*, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

(Emphasis added).

7

counsel raised it for the first time at the close of the plaintiffs' evidence. *Id.* The trial court took no action at that time with respect to defense counsel's assertion that the statute of limitations barred the plaintiffs' claim, and at the end of trial, the jury returned a verdict in favor of the plaintiffs. Thereafter, the defendant raised the statute of limitations defense by formal motion and moved to set aside the jury's verdict. At that juncture, the circuit court allowed the defendant to amend his pleadings pursuant to Rule 15(b) of the West Virginia Rules of Civil Procedure[7] to assert the statute of limitations defense. Ultimately, the circuit court found that the evidence presented at trial sounded in tort and that the complaint was untimely filed.[8] Accordingly, the circuit court set aside the jury's verdict

---

[7] Rule 15(b) of the West Virginia Rules of Civil Procedure provides:

> *Amendments to Conform to the Evidence. –* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

[8] The applicable statute of limitations was two years, and the complaint was not filed until five years after the cause of action accrued.

and disposed of the case in favor of the defendant. 156 W. Va. at 78-79, 191 S.E.2d at 161-62.

On appeal, this Court concluded in *Nellas* that although the circuit court had the discretion under Rule 15 of the Rules of Civil Procedure to permit the defendant to amend his pleadings post-verdict and assert the affirmative defense of the statute of limitations, it was nonetheless an abuse of discretion to not allow the opposing party adequate opportunity to respond. 156 W. Va. at 86-87, 191 S.E.2d at 166. Accordingly, syllabus point five of *Nellas* holds:

> Although a trial court in its sound discretion and pursuant to Rule 15, W.Va.R.C.P. may permit a pleading amendment asserting the affirmative defense of statute of limitations during or even after trial over the objection of the opposing party, it abuses its discretion and thereby commits error when it does not, in turn, accord the party moved against adequate opportunity to respond with evidence to meet the issue pleaded.

*Nellas* further provides:

> According to Rule 15(b), W.Va.R.C.P. an amendment to a pleading to assert an affirmative defense offered during or after trial over the objection of the opposing party should not be accepted unless (1) it permits the presentation of the merits of the action; (2) the adverse party will not be prejudiced by the sudden assertion of the defense; and (3) the adverse party is given ample opportunity to meet the issue.

156 W. Va. at 77, 191 S.E.2d at 161, syl. pt. 4.

9

*Nellas* is instructive because it teaches that "West Virginia case law does not hold that improper pleading of a statute of limitations defense automatically results in waiver." *Hanshaw v. City of Huntington*, 193 W. Va. 364, 367, 456 S.E.2d 445, 448 (1995). In other words, there are some instances where the statute of limitations defense may be successfully asserted late in the litigation of the case even though it was not raised in the answer to the complaint. *Nellas*, however, does not resolve the precise issue before us.

In the case sub judice, there is no dispute that the statute of limitations was asserted as an affirmative defense in Ms. Coffield's answer to the complaint. Likewise, there is no dispute that Ms. Coffield engaged in the litigation for five years before seeking summary judgment based on this affirmative defense. The record shows, however, that the summary judgment motion was filed approximately three months after Mr. Robinson's deposition.[9] Thus, Ms. Coffield maintains that she timely filed her motion for summary judgment based on the statute of limitations.

Conversely, Mr. Robinson argues that an affirmative defense is waived when a defendant not only fails to timely and reasonably pursue the defense but also actively

---

[9] The record shows that Ms. Coffield's first attorney withdrew from the case in 2018. She then obtained new counsel who moved to reopen discovery and took Mr. Robinson's deposition on April 26, 2018.

participates in the litigation process. In support of his argument, he relies upon this Court's memorandum decision in *Luborsky v. Carroll*, Nos. 15-0787 & 16-0329, 2017 WL 1293991 (W.Va. Apr. 5, 2017) (memorandum decision). *Luborsky* involved causes of action for wrongful discharge and violations of the West Virginia Wage Payment and Collection Act. While this Court upheld a finding of waiver in that case because of the defendant's participation in the litigation, the decision pertained to the affirmative defenses of insufficient service and lack of personal jurisdiction, not the statute of limitations.

Mr. Robinson also cites to several cases from Mississippi as support for the circuit court's ruling that Ms. Coffield waived the statute of limitations defense by "slumbering on her rights." Again, however, those cases did not involve the affirmative defense of the statute of limitations.[10] More importantly, the Supreme Court of Mississippi made clear in the case of *Pollan v. Wartak*, 240 So.3d 1185 (Miss. 2017), that "a defendant d[oes] not waive its statute-of-limitations defense by engaging in discovery to develop that defense." *Id.* at 1191.

*Pollan* involved several medical negligence claims brought against a physician, hospital, and nurses following a patient's treatment for hyponatremia, which

---

[10] *See E. Miss. State Hosp. v. Adams*, 947 So.2d 887 (Miss. 2007) (waiver of insufficiency of process defense); *Estate of Grimes v. Warrington*, 982 So.2d 365 (Miss. 2008) (waiver of tort immunity defense); *Meadows v. Blake*, 36 So.3d 1225, 1232-33 (Miss. 2010) (waiver regarding plaintiff's failure to attach a certification of expert consultation).

11

allegedly caused the patient to suffer central pontine myelinolysis (CPM) that eventually led to her death.[11]  *Id.* at 1188-89.  The trial court dismissed the survival claims of the decedent's son as barred by the applicable statute of limitations after the parties had engaged in litigation for more than two years.  *Id.*  Like Mr. Robinson in the case at bar, the decedent's son argued that the defendants' unjustified delay in pursuing the statute of limitations defense as well as their active participation in the litigation resulted in a waiver. Upholding the trial court's decision on appeal, the Supreme Court of Mississippi explained that "the defendants bore the burden of proving that the statute of limitations for Pollan's survival claims had expired, and they relied directly on evidence obtained in discovery to support their argument."  *Id.* at 1191-92.  Thus, the plaintiff's claim of waiver was rejected.

The Supreme Court of Nebraska reached the same result in the more recent case of *Bonness v. Armitage*, 942 N.W.2d 238 (Neb. 2020).  *Bonness*, another medical malpractice action, arose from the alleged failure of the defendant physician to timely diagnose the plaintiff's cancer.  *Id.* at 241.  Although the defendant physician pled the statute of limitations defense in his answer to the first amended complaint, he waited until a second amended complaint was filed many months later to file a motion to dismiss on the ground that the complaint was time-barred.  *Id.* at 243.  During that time period, the defendant physician engaged in discovery.  The plaintiff argued that the defendant's

---

[11] Hyponatremia is a low concentration of sodium in the blood and CPM, a brain cell dysfunction, can be caused by a rapid rise in the body's sodium levels.  *Pollan*, 240 So.2d at 1188.

participation in the litigation amounted to a waiver of the statute of limitations defense because it led the plaintiff to believe that the case was being defended on its merits. The district court rejected that argument, and the decision was affirmed on appeal. *Id.*

In rejecting the waiver argument in *Bonness*, the Supreme Court of Nebraska reasoned that

> a challenge to a pleading on statute of limitations grounds is a challenge that the complaint fails to state a claim upon which relief can be granted. *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006). This is relevant because our rules of pleading in Nebraska state that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under § 6-1107(a), or by motion for judgment on the pleadings, or at the trial on the merits." § 6-1112(h)(2). Our rules of pleading thus make clear that a party does not waive the right to contend that a complaint fails to state a claim upon which relief can be granted by not filing a motion under § 6-1112(b)(6). Rather, the defense is preserved through trial. Accordingly, [defendant's] decision not to file a motion to dismiss the first amended complaint could not have amounted to an act showing an intention to waive the statute of limitations defense.

*Bonness,* 942 N.W.2d at 244.

This Court has also recognized that where causes of action are barred by the applicable statute of limitations, the complaint fails to set forth a claim upon which relief can be granted. In *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E.2d 748 (2008), this Court explained that a claim that an action has not been timely filed "properly falls under Rule 12(b)(6) as failing to assert a claim upon which relief can be granted." 222 W. Va. at 746,

13

n.7, 671 S.E.2d at 751, n.7.[12]  Our Rules of Civil Procedure also specify that the defense of failure to state a claim upon which relief can be granted is preserved through trial.  In that regard, Rule 12(h)(2) of the West Virginia Rules of Civil Procedure addresses the preservation of certain defenses and provides that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."  Therefore, a defendant who asserts the statute of limitations as an affirmative defense does not waive that defense by not immediately filing a motion to dismiss on that basis.  Rather, the defense is preserved through trial.  To be clear, we now hold that a defendant who asserts the statute of limitations as an affirmative defense in the answer to a complaint as required by Rule 8(c) of the West Virginia Rules of Civil Procedure does not subsequently waive that defense by engaging in discovery and participating in the litigation.  Applying this holding to the case at bar, we find that the circuit court erred by concluding that Ms. Coffield "slumbered on her rights" and waived her statute of limitations defense.

Having found that Ms. Coffield did not waive her statute of limitations defense, we now consider whether Mr. Robinson's causes of action were time-barred.  Mr.

---

[12] *See also Richards v. Walker*, 813 S.E.2d 923 (W. Va. 2018) (upholding the circuit court's dismissal of complaint pursuant to Rule 12(b)(6) where the alleged claims for malicious prosecution, outrageous conduct, intentional infliction of emotional distress, and defamation were barred by applicable statute of limitations).

14

Robinson asserted claims for fraud and intentional infliction of emotional distress, which have a two-year statute of limitations.[13]  Generally,

> [i]n tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Syl. Pt. 4, *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997).  This Court has held that

> [u]nder the discovery rule set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997), whether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

Syl. Pt. 4, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

---

[13] *See* W.Va. Code § 55-2-12 (1959) (providing two year statute of limitations for damages for personal injuries not otherwise prescribed); *Brown v. Community Moving & Storage, Inc.*, 193 W.Va. 176, 178 n. 3, 455 S.E.2d 545, 547 n. 3 (1995) ("The two-year statute of limitations period set forth in W.Va.Code, 55-2-12 (1959), is applicable to the fraud claim[.]"); *Evans v. United Bank, Inc.*, 235 W.Va. 619, 627 n.8, 775 S.E.2d 500, 508 n.8 (2015) ("Pursuant to W.Va. Code, 55-2-12, a two-year statute of limitations applies to . . . [an] intentional or negligent infliction of emotional distress claim[.]").

In this case, there is no dispute that Mr. Robinson had knowledge of the private DNA test results showing that he was the father of Ms. Coffield's child by September 11, 2011. On that date, he posted on his Facebook page that he was the father of a "ten year old little girl." Thus, as the circuit court found in its February 21, 2020 order, the statute of limitations began to run on Mr. Robinson's claims on September 11, 2011.

Mr. Robinson has argued that the private DNA test results could not have triggered the running of the statute of limitations because this type of testing is not admissible evidence to establish paternity in a court of law given the lack of authentication. Further, he has claimed that Ms. Coffield continued to deny that he was the father of her child after they received the private test results and only acknowledged his paternity when the court-ordered paternity test results were made available. We find Mr. Robinson's reliance upon the date the court-ordered paternity test results were filed in family court— September 27, 2011—as the date his causes of action accrued misplaced. Pursuant to *Dunn*, the statute of limitations began to run when a reasonably prudent person in Mr. Robinson's circumstances would have known of the existence of his causes of action. The admissibility of the test results through which Mr. Robinson gained his knowledge of his causes of action is not a factor in the analysis. Likewise, the fact that Ms. Coffield may have continued to deny that he was the father of her child is irrelevant. Defendants routinely deny the existence of facts that give rise to a plaintiff's claims; the running of the statute of limitations is unaffected by such denials. Under the reasonably prudent person standard, the Facebook post establishes that Mr. Robinson knew by at least September 11,

16

2011, that he was the father of Ms. Coffield's child. Accordingly, the statute of limitations began to run no later than that date.

We are mindful that in most tort and fraud cases the issue of when the plaintiff knew or should have known of his cause of action is a question for the trier of fact. Syllabus point three of *Stemple v. Dobson*, 184 W.Va. 317, 400 S.E.2d 561 (1990), holds that

> [w]here a cause of action is based on tort or on a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury.

*See also* syl. pt. 5, *Dunn* (holding that questions of fact with regard to whether cause of action is time-barred need to be resolved by trier of fact). However, this Court has recognized that there are certain instances where *Stemple* is inapplicable because of the undisputed nature of the injury.

In *Brown v. Community Moving & Storage*, 193 W.Va. 176, 455 S.E.2d 545 (1995), for example, this Court upheld the dismissal of an amended complaint that asserted a fraud claim based on the attempt of the president of the defendant moving company to obtain insurance coverage after the fatal accident that caused the death of the plaintiff's husband. The evidence established that the cause of action accrued no later than the date of the depositions of the president and insurance company agents, which was three and

17

one-half years before the amended complaint was filed. *Id.* at 178, 455 S.E. 2d at 547. In other words, there was no question of fact to be determined because there was no dispute that the president's attempt to obtain insurance after the accident occurred was made known to the plaintiff during those depositions.

As in *Brown*, there is no question of fact in the case at bar to be determined with respect to when the causes of action accrued or the untimeliness of Mr. Robinson's complaint. Mr. Robinson knew that he was the father of Ms. Coffield's child by at least September 11, 2011. Yet, he did not file his complaint against Ms. Coffield until September 27, 2013. As the circuit court found in its February 21, 2020 order, the "plaintiff did not file his complaint until September 27, 2013, over two weeks late." Given the circuit court's affirmative finding that Mr. Robinson's complaint was untimely filed, we find that Mr. Robinson failed to set forth a claim upon which relief could be granted and that Ms. Coffield is entitled to judgment as a matter of law.[14]

## IV. Conclusion

Based on the foregoing, we reverse the December 17, 2019, order of the Circuit Court of Marshall County, and remand this case for entry of an order setting aside

---

[14] Having found that the complaint was time-barred, Ms. Coffield's other assignments of error are moot as are the cross-assignments of error asserted by Mr. Robinson. Accordingly, we need not address those alleged errors.

18

the jury's verdict and granting judgment as a matter of law in favor of Ms. Coffield in accordance with this opinion.

Reversed and remanded with directions.